■ BETTY O. MUKA, Appellant, v DE FOREST HEFFRON, as President of the Ithaca Teachers Association, New York State United Teachers Education Association, et al., Respondents.—Appeal from orders of the Supreme Court at Special Term, entered July 15, 1974 in Tompkins County, which (1) granted a motion by defendants for summary judgment dismissing the complaint, (2) granted a motion by defendants to vacate a default judgment

previously granted to plaintiff, (3) denied, on the ground of mootness, plaintiff's demand for a jury trial, (4) dismissed, upon the consent of plaintiff, the complaint against De Forest Heffron in his individual capacity, (5) vacated the plaintiff's interrogatories and stayed all further disclosure pending the outcome of defendant Ithaca Teachers Association's then pending motion to dismiss plaintiff's complaint, (6) denied, on the ground of mootness, plaintiff's motion to proceed as a poor person and (7) from the judgments entered thereon. In this action brought by the plaintiff, *pro se,* to recover damages for libel and slander, Special Term, upon considering the pleadings and such evidentiary matters as the plaintiff submitted, has determined that the plaintiff failed to allege facts in her complaint sufficient to establish a cause of action against the respondents. As found by Special Term, the plaintiff has affirmed that she does not seek to hold the named individual De Forest Heffron liable in his individual capacity. We also find that the plaintiff has not established a basis for liability on the part of the named teachers associations. It appears that prior to the dismissal of the complaint, the plaintiff had moved for summary judgment against the defendant Ithaca Teachers Association upon an affidavit by the plaintiff alleging default. It further appears that the plaintiff was under an erroneous legal impression as to what would constitute personal service of legal papers on herself and that her allegation of default although defective was simply error on her part. The allegations of counsel for respondents in the papers filed at Special Term and in the brief on this appeal of misconduct on the part of plaintiff are entirely without record support and are not condoned. It is the function of counsel to represent the legal interests of their clients in lawsuits and not to further inflame the parties' differences by unrealistic claims of perjury and misconduct by an opposing party. Orders and judgments affirmed, with costs. Koreman, P. J., Greenblott, Kane, Mahoney and Herlihy, JJ., concur.